# NO. 12-19-00385-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES COURTNEY WALLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUMOPINION*
*PER CURIAM*

Charles Courtney Waller appeals his conviction for evading arrest or detention with a vehicle. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with evading arrest or detention with a vehicle by intentionally fleeing a person he knew was a peace officer who was attempting lawfully to arrest or detain him, a third degree felony.[1] The indictment also included a felony enhancement paragraph. Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of trial, the jury found Appellant guilty of evading arrest or detention with a vehicle as charged in the indictment. At the sentencing hearing, Appellant pleaded "true" to the enhancement paragraph. The jury found the enhancement paragraph to be "true," and assessed

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016).

Appellant's punishment at nine years of imprisonment and a $1,500.00 fine.[2] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3]

Appellant filed a pro se response, stating that the State failed to show the essential elements of the offense, namely, that he knew a peace officer was attempting to arrest or detain him at the initiation of the stop. He also stated that the alleged investigatory stop violated the Fourth Amendment to the United States Constitution, citing *Terry v. Ohio*, 392 U.S. 1, 28-31, 88 S. Ct. 1868, 1883-1885, 20 L. Ed.2d 889 (1968). Appellant also argues that the State made an inappropriate "law and order" comment during its closing argument at the punishment phase of the trial and that the comment was not supported by the evidence. Finally, Appellant contends that the State's evidence negates the mens rea component of "flight" in that the "pursuit" lasted "over 30 seconds" and "a couple of miles." He also stated that an insanity affirmative defense was raised by the evidence at trial, specifically, the law enforcement officer's dash cam video introduced at trial, and negated the required mens rea of "intentionally" and "knowingly." We reviewed the record for reversible error and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

---

[2] If it is shown on the trial of a third degree felony that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a second degree felony. *Id*. § 12.42(a) (West 2019). An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000.00. *Id*. § 12.33 (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, all pending motions are *overruled* as moot, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 20, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 20, 2021**

**NO. 12-19-00385-CR**

**CHARLES COURTNEY WALLER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 21121)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*